UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIT SMALL BUSINESS LENDING CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YADVINDER K. NARANG and RAUSHANI NARANG,<br><br>　　　　Defendants.<br>_____ / | Case No. 1: 14-cv-00593-MCE-BAM<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

## I.     INTRODUCTION

Currently before the Court is CIT Small Business Lending Corporation's ("Plaintiff") Motion to remand this case to Fresno County Superior Court. (Doc. 5.) Defendants Yadvinder K. Narang and Raushani Narang ("Defendants") have not opposed the Motion. The Court found the matter suitable for decision without oral argument pursuant to Local Rules 230(c) and (g) and vacated the hearing set for July 3, 2014. (Doc. 11.) Having carefully considered Plaintiff's submissions and the entire record in this case, the Court requires additional briefing.

1

## II. BACKGROUND

Plaintiff initiated this action to recover monetary damages, alleging Defendants defaulted on a commercial loan. On October 11, 2012, Plaintiff filed a complaint in the Superior Court of California for the county of Fresno against defendants Yadvinder K. Narang, Raushani Narang, Narang Enterprise LLC, Advanced Cardiology Medical Associates Inc. A First Amended Complaint was filed on December 6, 2012 to add Bank of America, N.A. The First Amendment Complaint alleges three causes of action: (1) judicial foreclosure of deeds of trust; (2) appointment of receiver; and (3) breach of guarantee. Defendants failed to appear, and default was entered against them on January 29, 2013. (Declaration of Scott Lieberman, Ex. C.)

On April 23, 2014, Defendants filed a notice of removal in this Court. The notice of removal claims this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. On June 2, 2014, Plaintiff filed its Motion to Remand. Plaintiff argues Defendants' removal suffers from a variety of procedural defects. For example, Plaintiff argues Defendants' removal was untimely and failed to attach the operative complaint.[1] Plaintiff also argues this Court lacks subject matter jurisdiction over Plaintiff's claims.

## III. DISCUSSION

**A. Legal Standards for Removal and Remand**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see, Merrell Dow Pharm. Inc. v. Thompson*, 478

---

[1] Plaintiff also argues Defendants failed to file a notice of removal with the state court, failed to obtain the consent of all the defendants in removing the case, that Defendants had no right to remove once default was entered against them, and that removal violated the forum-defendant rule.

U.S. 804, 807–08, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see also, Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *Caterpillar Inc.*, 519 U.S. at 68–69 (1996); *Schacht,* 524 U.S. at 386.

A defendant "desiring to remove any civil action" from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action. 28 U.S.C. § 1446(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome*, *Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009), cert. denied, ––– U.S. ––––, 131 S.Ct. 65, 178 L.Ed.2d 22 (2010). "The removal statute is strictly construed against removal jurisdiction," *id*., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotations omitted.)

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines,* Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. § 1447(c). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

**B.     Plaintiff Appears to Have Waived Procedural Objections to Removal**

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Kamm v. ITEX Corp.,* 568 F.3d 752, 755 (9th Cir. 2009); *see also,* 28 U.S.C. § 1447(c) ("A motion to remand the case on the

1  basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the
2  filing of the notice of removal under section 1446(a)."). A party that fails to timely object to a
3  procedural defect in removal forfeits that objection. *Lively v. Wild Oats Market, Inc*., 456 F.3d 933,
4  942 (9th Cir. 2006).

5        Defendants filed their notice of removal on April 23, 2014; Plaintiff filed its motion to remand
6  on June 2, 2014 – 40 days later. Under the plain language of Section 1446, Section 1447, and
7  controlling Ninth Circuit authority, Plaintiff appears to have waived any procedural objections to
8  Defendants' removal.  *See, Maniar v. FDIC,* 979 F.2d 782, 784 (9th Cir. 1992) (timeliness of removal
9  is procedural); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (rule of
10 unanimity is procedural); *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933, 939 (9th Cir. 2006) (forum
11 defendant rule is procedural); Vasq*uez v. N. County Transit Dist.,* 292 F.3d 1049, 1060 n. 5 (9th Cir.
12 2002) ("Even though some Defendants failed to join the notice of removal in this case, no party made
13 a timely motion to remand, thus waiving any potential defect."); *Northern California Dist. Council of*
14 *Laborers v. Pittsburg–Des Moines Steel Co*., 69 F.3d 1034, 1036–38 (9th Cir. 1995) (failure to join all
15 defendants in removal is a procedural defect).

16       Additionally, Plaintiff argues that diversity jurisdiction is not present, because both Plaintiff
17 and Bank of America, N.A., are Delaware corporations; thus, complete diversity is not met.  However,
18 as Bank of America, N.A. did not join the notice of removal, Bank of America is not presently before
19 the Court.  Thus, it is unclear whether Bank of America's citizenship is irrelevant to the subject matter
20 jurisdiction analysis.

26 /./././
27 /./././

**CONCLUSION**

The Court requires additional briefing. Specifically, the Court requires Plaintiff to explain why the Court should entertain Plaintiff's procedural objections to Defendants' removal. The Court also requests briefing on the relevance of Bank of America's citizenship to the subject matter jurisdiction analysis.

Plaintiff shall file a supplemental brief, not to exceed ten (10) pages, on or before July 11, 2014.

IT IS SO ORDERED.

Dated: **July 1, 2014**                            /s/ Barbara A. McAuliffe
                                                              UNITED STATES MAGISTRATE JUDGE