UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIT SMALL BUSINESS LENDING CORPORATION, | Case No. 1: 14-cv-00593-MCE-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REMAND THIS CASE TO FRESNO COUNTY SUPERIOR COURT** |
| v. | |
| YADVINDER K. NARANG and RAUSHANI NARANG, | |
| Defendants. | |

/

## I.    INTRODUCTION

Currently before the Court is CIT Small Business Lending Corporation's ("Plaintiff") Motion to remand this case to Fresno County Superior Court.  (Doc. 5.) Defendants Yadvinder K. Narang and Raushani Narang ("Defendants" or "Narang") have not opposed the Motion.  On July 2, 2014, this Court requested supplemental briefing regarding the timeliness of Plaintiff's procedural objections to removal. (Doc. 12.) Plaintiff filed its supplemental briefing on July 11, 2014.  (Doc. 13.) The Court took the matter under submission pursuant to Local Rule 230(g). (Doc. 11.)

Having carefully considered Plaintiff's submissions and the entire record in this case, the Court recommends this case be remanded to Fresno County Superior Court.

1

## II.     BACKGROUND

Plaintiff initiated this action to recover monetary damages, alleging the Narangs defaulted on a commercial loan.  On October 11, 2012, Plaintiff filed a complaint in the Superior Court of California for the county of Fresno against defendants Yadvinder K. Narang, Raushani Narang, Narang Enterprise LLC, Advanced Cardiology Medical Associates Inc.  A First Amended Complaint was filed on December 6, 2012 to add Bank of America, Inc. The First Amendment Complaint alleges three causes of action: (1) judicial foreclosure of deeds of trust; (2) appointment of receiver; and (3) breach of guarantee.  The Narangs and Narang Enterprises LLC failed to appear, and default was entered against them on January 29, 2013. (Declaration of Scott Lieberman, Ex. C.)

On April 23, 2014, Defendants Narang filed a notice of removal in this Court.  (Doc. 1.) Defendants Narang represent they are "the United States of America, acting on behalf of its agency, the United States Small Business Administrations," and that removal is authorized pursuant to 28 U.S.C. § 1444 because "the subject matter of the complaint is judicial foreclosure, or in the nature of foreclosure, involving the United States' mortgage of lien interest in certain real property." (Doc. 1.) Defendants Narang also suggest removal is proper pursuant to 28 U.S.C. § 1441. (Doc. 1 at 1.) Defendants Narang's Notice of Removal does not attach the operative complaint, and only includes a copy of Plaintiff's previous motion for summary judgment and related attachments.  *Id.*

On June 2, 2014, Plaintiff filed its Motion to Remand.  Plaintiff argues Defendants' removal suffers from a variety of procedural defects.  For example, Plaintiff argues Defendants' removal was untimely and failed to attach the operative complaint.[1] Plaintiff also argues this Court lacks subject matter jurisdiction over Plaintiff's claims.[2]

---

[1] Plaintiff also argues Defendants failed to file a notice of removal with the state court, failed to obtain the consent of all the defendants in removing the case, that Defendants had no right to remove once default was entered against them., and that removal violated the forum-defendant rule.

[2] Discussed in greater detail below, this Court agrees it lacks subject matter jurisdiction over Plaintiff's claims.  Thus, the Court will not address Plaintiff's procedural arguments in great detail.  However, it is notable that Plaintiff has waived most of these procedural arguments.  "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Kamm v. ITEX Corp.,* 568 F.3d 752, 755 (9th Cir. 2009); *see also,* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). A party that fails to timely object to a procedural defect in removal forfeits that objection. *Lively v. Wild Oats Market, Inc*., 456 F.3d 933, 942 (9th Cir. 2006); *see also, Maniar v. FDIC,* 979 F.2d 782, 784 (9th Cir. 1992) (timeliness of

1

## III. DISCUSSION

2

### A. Legal Standards for Removal and Remand

3    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

4    State court of which the district courts of the United States have original jurisdiction, may be removed

5    by the defendant or the defendants, to the district court of the United States for the district and division

6    embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final

7    judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be

8    remanded." 28 U.S.C. § 1447(c).

9    A defendant "desiring to remove any civil action" from state court to federal court must file a

10    "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing

11    a short and plain statement of the grounds for removal, together with a copy of all process, pleadings,

12    and orders served upon such defendant" in the state action. 28 U.S .C. § 1446(a). "The defendant bears

13    the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome*,

14    *Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal

15    jurisdiction," *id.*, and removal jurisdiction "must be rejected if there is any doubt as to the right of

16    removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106

17    (9th Cir. 2010) (internal quotations omitted.) "The 'strong presumption' against removal jurisdiction

18    means that the defendant always has the burden of establishing that removal is proper." *Id.*

19

### B. Defendants Have Not Demonstrated Removal Is Proper

20    As a preliminary matter, Defendants have not met their burden to establish removal is proper.

21    *See Provincial Gov't of Marinduque v. Placer Dome*, *Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The

22    defendant bears the burden of establishing that removal is proper.") Defendants' Notice of Removal

23    does not attach Plaintiff's complaint, nor does the Notice contain the vast majority of the "pleadings

24    and orders" served upon Defendants.  Rather, the Notice contains only a copy of Plaintiff's previous

25

---

26    removal is procedural); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (rule of unanimity is
      procedural); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (forum defendant rule is procedural).

27    Defendants filed their notice of removal on April 23, 2014; Plaintiff filed its motion to remand on June 2, 2014 – 40 days
      later. Plaintiff's failure to file its motion to remand within the 30–day statutory period resulted in forfeiture of its

28    procedural objections to removal.

3

1    motion for summary judgment and the related exhibits and attachments.  The Court cannot evaluate

2    the propriety of removal based on the Notice or any other document submitted by Defendants.  For

3    this reason alone, the Court believes remand is appropriate.[3]  *See Provincial Gov't of Marinduque v.*

4    *Placer Dome*, *Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The removal statute is strictly construed

5    against removal jurisdiction," *id*., and removal jurisdiction "must be rejected if there is any doubt as to

6    the right of removal in the first instance.")

7            Nevertheless, Plaintiff's submissions in support of remand attach the complaint, pleadings and

8    other orders necessary to determine whether removal was appropriate. Therefore, the Court now

9    explains why it lacks subject matter jurisdiction over Plaintiff's claims.

10   **C.       This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

11           A defendant may generally remove a civil action from a state court to a federal court

12   "embracing the place where such action is pending" if the action could have been brought in federal

13   court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil

14   actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see*

15   *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08, 106 S.Ct. 3229, 92 L.Ed.2d 650

16   (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of

17   different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §

18   1332; *see also, Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57

19   L.Ed.2d 274 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under

20   either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *Caterpillar*

21   *Inc*., 519 U.S. at 68–69 (1996); *Schacht,* 524 U.S. at 386.

22           **1.       Federal Question Jurisdiction Does Not Exist**

23           The First Amended Complaint does not provide this Court with federal question jurisdiction.

24   The First Amended Complaint asserts three causes of action, all of which relates to an alleged default

25

26   [3] Plaintiff correctly notes that Defendants' failure to provide the Court a "copy of all process, pleadings, and orders served
     upon such defendant" in the state action is the type of defect warranting remand. However, such a defect is procedural and
27   must be raised within thirty days of removal.  Explained above *supra*, Plaintiff has waived any procedural objections to
     removal. 28 U.S .C. § 1446(a). *Kamm v. ITEX Corp.,* 568 F.3d 752, 755 (9th Cir. 2009); *see also,* 28 U.S.C. § 1447(c) ("A
28   motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30
     days after the filing of the notice of removal under section 1446(a).").

1    on a commercial loan and request for judicial foreclosure.  Judicial foreclosure actions explicitly

2    implicate state law. *See,* California Code of Civil Procedure §§ 725a, *et seq.*

3            Defendants argue removal is proper pursuant to 28 U.S.C. § 1444. Section 1444 permits a

4    foreclosure action brought against the United States under 28 U.S.C. § 2410 to be removed to the

5    district court. However, contrary to Defendants' Notice of Removal, Defendants are neither the United

6    States of America nor the United States Small Business Administration.  Rather, Defendants are two

7    individuals subject to a private commercial loan agreement.  Thus, Section 1444 is inapplicable and

8    cannot be used as a basis for establishing federal question jurisdiction.

9            **2.        Diversity Jurisdiction Does Not Exist**

10           Removal based on diversity jurisdiction is also improper. Diversity jurisdiction requires the

11   parties to have complete diversity and an amount in controversy of at least $75,000. 28 U.S.C. § 1332.

12   Diversity jurisdiction applies only "to cases in which the citizenship of each plaintiff is diverse from

13   the citizenship of each defendant." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136

14   L.Ed.2d 437 (1996). Federal removal jurisdiction on the basis of diversity is determined (and must

15   exist) as of the time the complaint is filed and removal is affected.  *See, Strotek Corp. v. Air Transport*

16   *Ass'n. of America,* 300 F.3d 1129 (9th Cir. 2002).

17           Complete diversity of citizenship is not present here. Plaintiff CIT is a corporate citizen of the

18   State of Delaware.  Lieberman Decl., at ¶ 11, and Ex. G.) Similarly, Defendant Bank of America is a

19   Delaware Corporation. *See,* Lieberman Decl., at ¶¶ 9, 10, and Ex. E & F.)  Thus, all plaintiffs are not

20   diverse from all defendants, and diversity did not exist at the time the case was removed.  Therefore,

21   there is no diversity jurisdiction under Section 1332.

22                           **RECOMMENDATIONS AND ORDER**

23           For the reasons discussed above, this Court RECOMMENDS that Plaintiff's Motion to

24   Remand be GRANTED and this case be REMANDED to the Superior Court of California, County of

25   Fresno.

26           These findings and recommendations are submitted to the district judge assigned to this action,

27   pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.

28   Within fourteen (14) days of service of this recommendation, any party may file written objections to

                                                    5

these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 18, 2014**               /s/ *Barbara A. McAuliffe* _
                                        UNITED STATES MAGISTRATE JUDGE

6